==============================================================

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

USCA No. 19-1375
_____

UNITED STATES OF AMERICA,

Appellee,

v.

QUENTIN PETER BRUGUIER, JR.,

Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION
HONORABLE KAREN E. SCHREIER
UNITED STATES DISTRICT COURT JUDGE
_____

## APPELLANT'S BRIEF
_____

Jeff Larson Law, LLP
Melissa Fiksdal
400 North Main Avenue, Suite 207
Sioux Falls, SD  57104
Telephone:  (605) 275-4529
E-mail:  melissa@jefflarsonlaw.net

ATTORNEY FOR APPELLANT

==============================================================

## SUMMARY OF THE CASE
## AND REQUEST FOR ORAL ARGUMENT

Quentin Peter Bruguier, Jr. was charged in a series of three Indictments, the last of which included fifteen counts of various charges of sexual abuse, aggravated sexual abuse of a child under twelve years of age, and abusive sexual contact. The jury convicted Mr. Bruguier of all counts in the second Superseding Indictment. Mr. Bruguier was sentenced to life on each Count, in Counts one through eight, and twelve through fifteen. Mr. Bruguier was sentenced to a term of imprisonment of 120 months for each count in Counts nine through eleven. All terms were ordered to be served concurrently. Mr. Bruguier now appeals the district court's erroneous evidentiary rulings, the violation of his right to present a defense, and constitutional errors at sentencing.

## REQUEST FOR ORAL ARGUMENT

Bruguier requests 10 minutes of oral argument per side.

i

# TABLE OF CONTENTS

**Page(s)**

Summary of the Case and Request for Oral Argument .............................. i

Table of Authorities ...................................................................... iv

Jurisdictional Statement ............................................................... 1

Statement of Issues...................................................................... 2

Statement of the Case................................................................... 3

Summary of the Argument............................................................ 5

Argument..................................................................................... 6

**List argument(s)**

1.  The district court erred in refusing to invoke the residual
    exception to the hearsay rule (Fed. R. Evid. 807) to allow
    into evidence an audio-recorded FBI interview with
    deceased witness, St. Pierre..................................................... 6

    (A.)  The Residual Exception to the Hearsay Rule .............. 6
          (1) Trustworthiness....................................................... 8
          (2) Materiality............................................................. 10
          (3) More Probative ...................................................... 10
          (4) Interests of Justice.................................................. 11

2.  The district court committed procedural and substantive
    error when it imposed multiple § 3C1.1 obstruction of
    justice enhancements for perjury............................................ 13

    (A.)  Standard of Review.................................................... 14
    (B.)  Sentencing Principles.................................................. 15
    (C.)  The Sentence is Procedurally Unreasonable................ 15
    (D.)  The Sentence is Substantively Unreasonable .............. 17

Appellate Case: 19-1375    Page: 3    Date Filed: 05/20/2019 Entry ID: 4789059

(E.) The Sentence Punishes the Exercise of a
Constitutional Right ...................................................... 18

Conclusion ............................................................................ 22

Certificate of Service ......................................................... 23

Certificate of Compliance .................................................. 24

Addendum ............................................................................. 25

Appellate Case: 19-1375   Page: 4   Date Filed: 05/20/2019 Entry ID: 4789059

# TABLE OF AUTHORITIES

**Page(s)**

**United States Supreme Court Cases**

Gall v. United States, 552 U.S. 38 (2007) ................................................... 3, 14, 15

Green v. Georgia, 422 U.S. 95 (1979) ......................................................... 12

Idaho v. Wright, 497 U.S. 805 (1990) ......................................................... 2, 7

Taylor v. Illinois, 484 U.S. 400 (1988) ....................................................... 12

United States v. Booker, 543 U.S. 220 (2005) ........................................... 14

United States v. Dunnigan, 507 U.S. 87 (1993) ........................................ 19, 20

Washington v. Texas, 388 U.S. 14 (1967) .................................................. 12


**United States Court of Appeal Cases**

Bierenbaum v. Graham, 607 F.3d 36 (2d Cir. 2010) .................................. 8

Blackston v. Rapelje, 780 F.3d 340 (6th Cir. 2015) ................................... 10

Schering Corp. v. Pfizer Inc., 189 F.3d 218 (2d Cir. 1999) ....................... 8

United States v. Abdul-Aziz, 486 F.3d 471 (8th Cir. 2007) ........................ 3, 19

United States v. Barron, 557 F.3d 866 (8th Cir. 2009) ............................... 16

United States v. Battiest, 553 F.3d 1132 (8th Cir. 2009) ............................ 14, 15

United States v. Beal, 279 F.3d 567 (8th Cir. 2002) ................................... 9

United States v. Calderon-Avila, 322 F.3d 505 (8th Cir. 2003) .................. 20

United States v. Cunningham, 593 F.3d 726 (8th Cir. 2010) ...................... 14, 21

iv

**Page(s)**

United States v. Flores, 362 F.3d (8th Cir. 2004)............................................. 18

United States v. Gray, 533 F.3d 942 (8th Cir. 2008)..................................... 15

United States v. Griggs, 47 F.3d 827 (8th Cir. 1995)..................................... 16

United States v. Gutierrez, 437 F.3d 733 (8th Cir. 2006)............................ 17

United States v. Halk, 634 F.3d 482 (8th Cir. 2011) ..................................... 2, 9

United States v. Hemsher, 893 F.3d 525 (8th Cir. 2018) ............................. 14

United States v. Kreitinger, 576 F.3d 500 (8th Cir. 2009) ........................... 17

United States v. Martinez, 922 F.2d 914 (1st Cir. 1991).............................. 18

US v. Miner, 521 F.3d 889 (8th Cir. 2008).................................................... 17

United State v. Molina, 172 F.3d 1048 (8th Cir. 1999)................................ 18

United States v. Montgomery, 635 F.3d 1074 (8th Cir. 2011) ..................... 2, 12, 21

United States v. Nichols, 416 F.3d 811 (8th Cir. 2005) ............................... 14

United States v. Ogbeifun, 949 F.2d 1013 (8th Cir. 1991)........................... 18

United States v. Perkins, 526 F.3d 1107 (8th Cir. 2008).............................. 15

United States v. Pumpkin Seed, 572 F.3d 552 (8th Cir. 2009)..................... 6

United States v. Raplinger, 555 F.3d 687 (8th Cir. 2009) ............................ 19, 20

United States v. Sharkey, 895 F.3d 1077 (8th Cir. 2018)............................. 15

United States v. Shaw, 824 F.2d 601 (8th Cir. 1987) ................................... 10

United States v. Shy, 538 F.3d 933 (8th Cir. 2008)...................................... 15

v

**Page(s)**

United States v. Street, 531 F.3d 703 (8th Cir. 2008)...................................6

United States v. Two Shields, 497 F.3d 789 (8th Cir. 2007)........................9

United States v. Vinton, 429 F.3d 811 (8th Cir. 2005)................................15

United States v. Walker, 917 F.3d 1004 (8th Cir. 2019) ............................6

United States v. Washington, 318 F.3d 845 (8th Cir. 2003) ........................18, 22

United States v. White Bull, 646 F.3d 1082 (8th Cir. 2011) ........................10

**Statutes**

18 U.S.C. §1152 .................................................................1

18 U.S.C. §1153 .................................................................1

18 U.S.C. §2241(c) .............................................................1

18 U.S.C. §2242(1) .............................................................1

18 U.S.C. §2244(a)(1) .........................................................1

18 U.S.C. §2245 .................................................................1

18 U.S.C. §2245(3) .............................................................1

18 U.S.C. §2246 .................................................................1

18 U.S.C. §3231 .................................................................1

18 U.S.C. §3242 .................................................................1

18 U.S.C. §3553(a) .............................................................15, 16

18 U.S.C. §3553(a)(5)..........................................................16

Appellate Case: 19-1375    Page: 7    Date Filed: 05/20/2019 Entry ID: 4789059

                                                              **Page(s)**

18 U.S.C. §3742(a) ............................................................... 1

28 U.S.C. §1291 .................................................................. 1

**Other Sources**

Fed. Ry. Evid. 102 ............................................................. 11

Fed. R. Evid. 801(c) ........................................................... 6

Fed. R. Evid. 803 ............................................................... 6

Fed. R. Evid. 804 ............................................................ 7,

Fed. R. Evid. 804(a)(4) ........................................................ 6

Fed. R. Evid. 804(b) ........................................................... 6

Fed. R. Evid. 807……………………………………………… …2, 6, 7

Fed. R. Evid. 807(a)(1) - (4) .................................................. 7

Fed. R. Evid. 807(a)(3) ....................................................... 10

Fed. R. Evid. 807(a)(4) ....................................................... 11

Fed. R. Evid. 807(b) ........................................................... 7

U.S. Const. amend VI .......................................................... 12

USSG §1B1.1 .................................................................. 16

USSG §3C1.1……………………………………2, 5, 13, 14, 16, 17, 18, 19, 21

USSG §3D1.4................................................................... 16

Appellate Case: 19-1375    Page: 8    Date Filed: 05/20/2019 Entry ID: 4789059

# JURISDICTIONAL STATEMENT

The Decision Appealed:  Bruguier appeals from the Judgment and Commitment filed on February 15, 2019 (DCD 160).  The Judgment and Commitment was imposed by the Honorable Karen E. Schreier, United States District Court Judge for the District of South Dakota, upon the jury's verdict of guilty at trial (DCD 145) of four counts of Sexual Abuse, a violation of 18 U.S.C. §§1153, 2242(1), and 2246, eight counts of Aggravated Sexual Abuse of a Child, a violation of 18 U.S.C. §§ 1153, 2241(c), 2245 and 2246, and three counts of Abusive Sexual Contact, a violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2245(3).

District Court Jurisdiction:  The United States District Court for the District of South Dakota had jurisdiction in this prosecution under 18 U.S.C. §1152, §3231and §3242.

Appellate Court Jurisdiction:  This Court has jurisdiction over Mr. Bruguier's appeal pursuant to 18 U.S.C. §3742(a) and 28 U.S.C. §1291.

Notice of Appeal:  Mr. Bruguier's Notice of Appeal was timely filed on February 21, 2019 (DCD 162).  His appeal was docketed in this Court on February 22, 2019.

In this brief, Appellant, Quentin Peter Bruguier, Jr. will be referred to as "Bruguier."  The Appellee, United States will be referred to as "the Government."

Appellate Case: 19-1375     Page: 9     Date Filed: 05/20/2019 Entry ID: 4789059

References to the docket entries in the District Court Clerk's Record will be designated as "DCD" followed by the appropriate docket entry number. The Presentence Investigation Report is referred to as "PSR." Reference to the transcript of the Pretrial Conference will be designated by "PTC" followed by the page number. Reference to the transcript of the Jury Trial will be designated by "JT" followed by the page number. Reference to the transcript of the Sentencing hearing will be designated by "SH" followed by the page number and paragraph number. Documents in the Addendum will be referred to as "Add." followed by the page number.

## STATEMENT OF ISSUES

1. **Whether the District Court erred in refusing to invoke the residual exception to the hearsay Rule (Fed. R. Evid. 807) to allow into evidence an audio-recorded interview with deceased witness Cindy St. Pierre, aunt and foster mother of M.F.H. and L.D..**

### <u>Authorities</u>

<u>Idaho v. Wright</u>, 497 U.S. 805, 817 (1990).

<u>United States v. Halk</u>, 634 F.3d 482, 489 (8th Cir. 2011).

<u>United States v. Montgomery</u>, 635 F.3d 1074, 1098 (8th Cir. 2011).

2. **Whether the District Court committed procedural and substantive error when it imposed multiple §3C1.1 Obstruction of Justice Enhancements for Perjury.**

2

## Authorities

Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

United States v. Abdul-Aziz, 486 F.3d 471, 478-79 (8th Cir. 2007).

United States v. Washington, 318 F.3d 845, 861 (8th Cir. 2003).

## STATEMENT OF THE CASE

Bruguier was indicted in a 15 count Indictment that included various charges for sexual abuse, aggravated sexual abuse of a child under twelve years of age, and abusive sexual contact on October 11, 2017 (DCD 3). A Superseding Indictment was filed on August 7, 2018 (DCD 42) as well as a second Superseding Indictment to follow on November 6, 2018 (DCD 114). The defendant entered pleas of not guilty on all counts and at each initial appearance. A jury trial was held on November 13-16, 2018, before the Honorable Karen E. Schreier, District Judge. The Jury returned verdicts of "guilty" as to all fifteen counts in the second Superseding Indictment (JT 645-48; DCD 145). Bruguier was sentenced on February 15, 2019, by the Honorable Karen E. Schreier, United States District Court Judge for the District of South Dakota. Bruguier was sentenced to life on each count, in Counts 1 through 8, and 12 through 15. Bruguier was sentenced to a term of imprisonment of 120 months for each count in Counts 9 through 11. All terms were ordered to be served concurrently (SH 41; DCD 160). Bruguier filed a

3

timely Notice of Appeal (DCD 162) on February 21, 2019. His appeal was docketed in this Court on February 22, 2019.

As part of the ongoing investigation related to these charges, FBI agents Robert L. Mertz and David Keith interviewed Cindy St. Pierre (hereinafter referred to as St. Pierre) in Lake Andes, South Dakota, on October 4, 2017, concerning sexual abuse allegations made against Bruguier. The interview was audio-recorded. St. Pierre was the aunt and foster parent of M.F.H. and L.D. She and Bruguier were in a live-in relationship and were caregivers for M.F.H. and L.D. at the time some of the alleged events occurred. Prior to trial, St. Pierre died unexpectedly from natural causes, and was not available to testify.

Bruguier asserted his right to a jury trial. In preparation for trial, the defense filed Notice Pursuant to Federal Rule 807 (DCD 107) of intent to offer nine statements, including her statement that M.F.H. and L.D. were defiant when they lived in her home, but when offered alternate tribal placement, they chose to stay with St. Pierre. When M.F.H. left the home for a short time, she returned to St. Pierre's home. Ms. St. Pierre was one of the persons in whom M.F.H. confided when she made initial allegations of abuse at her grandmother's home. St. Pierre contacted law enforcement at that time. Ms. St. Pierre also commented on her observations of M.F.H.'s interactions with Bruguier, her habit of going to Bruguier if she needed anything, and her willingness to travel with him to Santee, Nebraska.

Appellate Case: 19-1375    Page: 12    Date Filed: 05/20/2019 Entry ID: 4789059

St. Pierre also stated she had never witnessed Bruguier view child pornography, and never discovered child pornography in the home or on the home computer. A pretrial hearing was held on November 9, 2018, before the Honorable Judge Karen E. Schreier, District Court Judge. The request to offer the interview of St. Pierre under Federal Rule 807 was denied. (PTC 36-48).

At his trial, Bruguier testified. Bruguier was subsequently convicted of all counts by the jury. At his sentencing, and over the objection of the defense, the court allowed a two-level adjustment for Obstruction of Justice, USSG § 3C1.1, to each of the four victims. The court reasoned that the enhancement should be applied because the testimony by Bruguier was under oath on a material matter, that it was not an instance where he was confused, mistaken or had faulty memory, but that he had testified falsely.

## SUMMARY OF THE ARGUMENT

The district court's ruling to exclude the audio-recorded statements (PTC 36-48) was inconsistent with Eighth Circuit case law interpreting Fed. R. Evid. 807, and effectively deprived Bruguier of his constitutionally protected right to present a defense, to procure the attendance of witnesses, and to confront and cross-examine opposing witnesses.

The court committed procedural and substantive error when it imposed multiple §3C1.1 Obstruction of Justice Enhancements for Perjury, which increased

5

the potential penalty imposed upon Bruguier. (SH 8-13).

## ARGUMENT

1. **WHETHER THE DISTRICT COURT ERRED IN REFUSING TO INVOKE THE RESIDUAL EXCEPTION TO THE HEARSAY RULE (FED. R. EVID. 807) TO ALLOW INTO EVIDENCE AN AUDIO-RECORDED FBI INTERVIEW WITH DECEASED WITNESS, ST. PIERRE.**

The district court's interpretation and application of the rules of evidence is

well settled and is outlined as follows:

> "We review a district court's interpretation and application of the rules of evidence de novo and its evidentiary rulings for abuse of discretion." United States v. Street, 531 F.3d 703, 708 (8th Cir. 2008). "However, we review evidentiary rulings de novo when they implicate constitutional rights." United States v. Pumpkin Seed, 572 F.3d 552, 558 (8th Cir. 2009).

United States v. Walker, 917 F.3d 1004, 1008 (8th Cir. 2019).

### (A.) The Residual Exception to the Hearsay Rule

St. Pierre's out of court statement falls within the definition of hearsay. Fed.

R. Evid. 801(c). St. Pierre is unquestionably an unavailable declarant because she

was deceased at the time of trial. R. 804(a)(4). However, her statement would be

excluded under Rule 804(b) because it was not given under oath, and although FBI

agents conducted the interview, no prosecutor had the opportunity to cross-

examine St. Pierre prior to her death. R. 804(b).

However, the residual exception to the hearsay rule, Fed. R. Evid. 807,

applies in situations not covered by other hearsay exceptions in Fed. R. Evid. 803

Appellate Case: 19-1375    Page: 14    Date Filed: 05/20/2019 Entry ID: 4789059

and Fed. R. Evid. 804. "The residual hearsay exception, by contrast, accommodates ad hoc instances in which statements not otherwise falling within a recognized hearsay exception might nevertheless be sufficiently reliable to be admissible at trial." Idaho v. Wright, 497 U.S. 805 (1990) at 817.

Rule 807 of the Federal Rules of Evidence provides:

(a) **In General.** Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;
(2) it is offered as evidence of a material fact;
(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
(4) admitting it will best serve the purposes of these rules and the interests of justice.

(b) **Notice.** The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807.

Because Bruguier clearly met the notice requirements of Fed. R. Evid. 807(b), the focus must be on the four criteria for admissibility of residual hearsay set forth in Fed. R. Evid. 807(a)(1)-(4).

### (1) Trustworthiness

In <u>Schering Corp. v. Pfizer Inc.</u>, the Second Circuit outlined the "criterion of trustworthiness" that a district court should employ:

> The hearsay rule is generally said to exclude out-of-court statements offered for the truth of the matter asserted because there are four classes of risk peculiar to this kind of evidence: those of (1) insincerity, (2) faulty perception, (3) faulty memory and (4) faulty narration, each of which decreases the reliability of the inference from the statement made to the conclusion for which it is offered. . . . The traditional exceptions to the hearsay rule, in turn, provide the benchmark against which the trustworthiness of evidence must be compared in a residual hearsay analysis. . . . It is thus important to recognize that the trustworthiness of these exceptions is a function of their ability to minimize some of the four classic hearsay dangers.

<u>Schering Corp. v. Pfizer Inc.</u>, 189 F.3d 218, 232-33 (2d Cir. 1999).

Hearsay evidence is generally excluded "on the theory that cross-examination can help test for these four classes of error, thus allowing the fact-finder to weigh the evidence properly and to discount any that is too unreliable." <u>Id.</u> at 232. While a hearsay statement need not be free of all four of these dangers to be admitted, it must minimize at least some of them. <u>See Id.</u> at 232-233.

A more recent Second Circuit habeas decision, <u>Bierenbaum v. Graham</u>, 607 F.3d 36, 49-50 (2d Cir. 2010), listed several factors to consider when assessing trustworthiness: spontaneity; repetition; mental state of the declarant; absence of motive to fabricate; unlikelihood of faulty recollection; degree to which the statement is against declarant's interest; status of the relation of the declarant to the

8

person to whom the statement was made; whether there was a coercive atmosphere; whether made in response to questioning, and whether the statement reflects an attempt to shift blame or curry favor. Id. In the present case, although the statement was in response to questioning, the questioning was by an agent of the Government, not someone allied with the proponent of the statement. As a result, in this case, the fact that the questioning was by an agent of the party opponent enhances rather than detracts from its trustworthiness. Under a totality of the circumstances analysis, the other factors are also indicative of trustworthiness and the statement should have been admitted.

The Eighth Circuit analyzes trustworthiness under a broad totality of the circumstances test. Halk, 634 F.3d at 489 (quoting United States v. Two Shields, 497 F.3d 789, 794 (8th Cir. 2007)). In Two Shields, a dying man with high blood alcohol content, described in doctor's notes as incoherent, shook his head in response to a leading question. Under the totality of the circumstances, the head shake did not have sufficient guarantees of trustworthiness to warrant admission under the residual hearsay rule.

In contrast, the St. Pierre interview was audio-taped. The court presumes the government has preserved the integrity of a tape recording, absent a showing of bad faith or proof the evidence had been tampered. United States v. Beal, 279 F.3d 567, 571 (8th Cir. 2002). The FBI agents who conducted the interview would have

Appellate Case: 19-1375     Page: 17     Date Filed: 05/20/2019 Entry ID: 4789059

been available to testify at trial. (PTC 36-48; JT 551-553).  The jury, if allowed to

hear the tape, would have been able to assess for themselves St. Pierre's sincerity,

perception, memory, and narration.  "[A]s the trustworthiness of a statement

increases, the justification for excluding it as hearsay decreases."  <u>United States v.</u>

<u>Shaw</u>, 824 F.2d 601, 609 n.9 (8th Cir. 1987), rev'd on other grounds, 24 F.3d 1040

(8th Cir. 1994).

### (2) Materiality

"The materiality requirement in Rule 807 is merely a restatement of the

general requirement that evidence must be relevant."  <u>United States v. White Bull</u>,

646 F.3d 1082, 1092 (8th Cir. 2011).  Because St. Pierre's statement directly refutes

portions of M.F.H.'s and L.D.'s trial testimony (JT 41-92; 95-130), the statements

are material and could have created reasonable doubt in the minds of the jurors,

had they been allowed to hear the audiotape.  As the Sixth Circuit recognized in

<u>Blackston v. Rapelje</u>, 780 F.3d 340, 357 (6th Cir. 2015), "the question of witness

credibility is the most fundamental issue that a jury resolves. It is quintessential

material for the jury . . . ." <u>Id.</u>

### (3) More Probative

The statements of St. Pierre is "more probative on the point for which it is

offered than any other evidence that the proponent can obtain through reasonable

efforts."  Fed. R. Evid. 807(a)(3).  St. Pierre had known M.F.H. and L.D. since

10

birth. She was their aunt and their foster mother. She was the only other adult living in the home with Bruguier and the girls at the time some of the alleged events occurred. Her statements could help the jury better understand the nature of Bruguier's relationship with the girls, and offer insights as to why the girls, although "defiant," chose to continue living with St. Pierre and Bruguier, rather than in other tribal placement options.

### (4) Interests of Justice

Admission of the St. Pierre statement would "best serve the purposes of these rules and the interests of justice." R. 807(a)(4). The purpose of the Federal Rules of Evidence is set forth in Fed. R. Evid. 102:

> These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.

Id.

Had St. Pierre not died unexpectedly, she would have been called to testify at trial, and the jury would have had the benefit of her insights as a person who not only knew and cared for M.F.H. and L.D., but who had observed, over an extended period of time, the girls' interactions with both adults in the home. Despite their defiance, the girls considered St. Pierre's house home. Her testimony could have helped the jury to ascertain the truth and may have tipped the scales of justice on the side of reasonable doubt.

11

More importantly, the interests of justice—interests of Constitutional magnitude—strongly support the admissibility of the St. Pierre's audiotaped interview. The constitutional right to present a defense derives from the Compulsory Process and Confrontation Clauses of the Sixth Amendment. U.S. Const. amend. VI:

> The Sixth Amendment confers the right of the accused "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend VI. Although its terms grant only the right to compel witnesses to appear through the use of subpoena power, the compulsory process clause has been interpreted to include the right to offer testimony. "The right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact." Taylor v. Illinois, 484 U.S. 400, 409, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). The Supreme Court has described the Sixth Amendment right to offer testimony and compel witness attendance as, "in plain terms the right to present a defense." Id. (quoting Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)).

Montgomery, 635 F.3d at 1098.

In Green v. Georgia, 442 U.S. 95, 97 (1979), the trial court excluded critical defense evidence on hearsay grounds. The Court held the exclusion of exculpatory evidence (someone else had confessed to killing the victim), albeit hearsay, violated the Due Process Clause because the evidence was highly relevant to a critical issue in the case.

12

## 2. WHETHER THE DISTRICT COURT COMMITTED PROCEDURAL AND SUBSTANTIVE ERROR WHEN IT IMPOSED MULTIPLE § 3C1.1 OBSTRUCTION OF JUSTICE ENHANCEMENTS FOR PERJURY.

In this case, the PSR (DCD 150; PSR 14-17) gave general notice of intent to apply the § 3C1.1 enhancement for obstruction of justice. It prefaced that recommendation, however, with a recitation of cautionary language found in the Comments to that section, which emphasized that a *willful* attempt to obstruct justice must be present before the two-level adjustment is applied:

> However, pursuant to USSG §3C1.1, comment. (n.2), the Court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistakes, or faulty memory; and thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

(DCD 150; PSR 14, ¶ 41).

The PSR then recommended a two-level adjustment for obstruction of justice pursuant to § 3C1.1 be applied. (DCD 150; PSR 14 ¶ 42). "Based upon the testimony presented at trial and the ruling of the Jury, it appears the Defendant perjured himself." Id.

The PSR proceeded to recommend separate 2-level adjustments to each of the four victim-specific groups. (DCD 150; PSR 15-17, ¶¶ 52, 62, 70, 79). The effects of those multiple enhancements were then factored into the Adjusted Offense Levels used to calculate the Multiple Count Adjustment. (DCD 150; PSR 18, ¶¶ 80-87).

13

Bruguier objected to the assessment of multiple adjustments for obstruction of justice in Defendant's Notice of Objections to Presentence Report (DCD 152), specifically referencing § 3C1.1, Application Note 2, which states the "provision is not intended to punish a defendant for the exercise of a constitutional right." The district court overruled defense objections and applied multiple obstruction of justice adjustments as recommended in the PSR. SH 8-13.

It is important to emphasize at the outset that in this post-Booker legal world, it is well-settled that the United States Sentencing Guidelines are *advisory*, not mandatory. United States v. Booker, 543 U.S. 220, 245-46 (2005).

## A. Standard of Review

The reasonableness of a district court's sentence is reviewed for an abuse of discretion. Gall, 552 U.S. at 51, 128 S. Ct. 586, 169 L. Ed. 2d 445; United States v. Battiest, 553 F.3d 1132, 1135 (8th Cir. 2009). "We review a district court's factual findings underlying an obstruction of justice enhancement for clear error and its construction and application of the Guidelines de novo." United States v. Nichols, 416 F.3d 811, 821 (8th Cir. 2005). "We give great deference to a district court's decision to impose an obstruction of justice enhancement, reversing only when the district court's findings are insufficient." United States v. Cunningham, 593 F.3d 726, 730 (8th Cir. 2010), quoted in United States v. Hemsher, 893 F.3d

14

525, 535 (8th Cir. 2018) (witness intimidation gave rise to obstruction of justice enhancement).

## B. **Sentencing Principles**

Sentencing principles were set forth in <u>Battiest</u>, 553 F.3d 1132:

> Applying Gall, we "'first ensure that the district court committed no significant procedural error" at sentencing. <u>United States v. Shy</u>, 538 F.3d 933, 937 (8th Cir. 2008) (quoting <u>Gall</u>, 128 S. Ct. at 597). 'If the decision was 'procedurally sound,' we then review the 'substantive reasonableness of the sentence' . . . considering the totality of the circumstances.' <u>Id.</u> '[I]n determining whether the district court considered the relevant factors in a particular case, 'the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing.'" <u>United States v. Gray</u>, 533 F.3d 942, 944 (8th Cir. 2008) (quoting <u>United States v. Perkins</u>, 526 F.3d 1107, 1111 (8th Cir. 2008)).

<u>Id.</u> at 1135.

This Court has recently indicated a sentence within Guidelines range is presumptively reasonable, but that presumption may be rebutted by reference to statutory sentencing factors found at 18 U.S.C. § 3553(a). <u>United States v. Sharkey</u>, 895 F.3d 1077, 1080 (8th Cir. 2018).

The Government bears the burden to prove an increase for obstruction of justice is warranted. <u>United States v. Vinton</u>, 429 F.3d 811, 818 (8th Cir. 2005). (Enhancement only applied to one victim.)

## C. **The Sentence is Procedurally Unreasonable**

There is admittedly some authority to suggest that separate victim-specific enhancements for obstruction of justice are allowed under the Sentencing

Appellate Case: 19-1375   Page: 23   Date Filed: 05/20/2019 Entry ID: 4789059

Guidelines. See USSG § 1B1.1 (delineating sequence for application of Guidelines); United States v. Griggs, 47 F.3d 827, 831, n. 2 (8th Cir. 1995) (The parties appear to assume the obstruction of justice enhancement is not victim-specific and would apply after the multiple count adjustment in USSG § 3D1.4. This Court ruled that assumption was improper).

However, given the post-Booker sentencing procedures, the fact that the Guidelines may allow the multiple enhancement does not mean that multiple enhancements comport with 18 U.S.C. § 3553(a) sentencing factors as applied in a given case.

The sentencing court has discretion to tailor a sentence based on those statutory sentencing factors. See United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009). In the present case, 18 U.S.C. § 3553(a)(5) indicates the court must consider "any pertinent policy statement issued by the Sentencing Commission" in imposing sentence. Application Note 2 of § 3C1.1 emphasis that any adjustment must reflect a willful attempt to obstruct justice. Application Note 4 provides examples such as threatening or intimidating witnesses, jurors or codefendants, producing false documents, destroying evidence, escape, or failure to appear, in addition to material false statements. All of these examples require a willful attempt to obstruct or conceal.

Appellate Case: 19-1375     Page: 24     Date Filed: 05/20/2019 Entry ID: 4789059

The spirit of the enhancement indicates it should not be invoked absent willfulness.  Simply asserting one's constitutionally-protected right to testify in opposition to witnesses for the Government, and to present his defense, do not arise to a level warranting a fourfold 2-level enhancement for obstruction of justice.  The lead sentence in § 3C1.1, Application Note 2, clearly sets forth a policy statement, "this provision is not intended to punish a defendant for the exercise of a constitutional right." Id.

## D. The Sentence is Substantively Unreasonable

Even if the Guidelines calculation fell within the letter and the spirit of §3C1.1, the sentence would not pass muster for "substantive reasonableness."

> "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors."

United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quoting US v. Miner, 521 F.3d 889, 890 (8th Cir. 2008)).

In United States v. Gutierrez, 437 F.3d 733, 736-37 (8th Cir. 2006), both parties complained that the district court erred under the Sixth Amendment by treating the jury verdict as requiring an enhancement for obstruction of justice.  This Court agreed, as the enhancement did not comply with Booker. Id.

17

## E. **The Sentence Punishes the Exercise of a Constitutional Right**

"[T]o hold that a jury's verdict of guilty beyond a reasonable doubt on the basis of evidence which was in direct conflict with a defendant's testimony signals perjury would in effect amount to punishing a defendant for exercising his right to take the witness stand in his own defense." United States v. Martinez, 922 F.2d 914, 926 (1st Cir. 1991).

Justice Heaney's concurring opinion in United States v. Ogbeifun, 949 F.2d 1013 (8th Cir. 1991) echoes the First Circuit's concerns:

> I believe that we should consider en banc whether a two-level enhancement for obstruction of justice is appropriate where a defendant testifies at trial and a determination is made that his testimony was not truthful. I believe such an enhancement penalizes defendants for exercising their right to testify on their own behalf.

Ogbeifun, 949 F.2d at 1014.

This Court has allowed the district court to consider the jury's adverse verdict, but the court cannot solely rely on the jury's verdict as a basis for an obstruction of justice enhancement:

> "A witness commits perjury when he testifies falsely under oath about a material matter with a willful intent to deceive the fact finder." United States v. Molina, 172 F.3d 1048, 1058 (8th Cir. 1999). "Committing perjury at trial constitutes an obstruction of justice within the meaning of § 3C1.1." United States v. Flores, 362 F.3d 1030, 1037 (8th Cir. 2004). A district court cannot, however, impose the departure "'simply because a defendant testifies on his own behalf and the jury disbelieves him.'" Id. (quoting United States v. Washington, 318 F.3d 845, 861 (8th Cir. 2003)). "Rather, once a defendant objects, the sentencing court must itself conduct an independent evaluation and determine whether the defendant

18

committed perjury." Id. "While it is preferable for the district court to address each element of the alleged perjury in a separate and clear finding, the determination is sufficient if 'the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.'" Id. (quoting United States v. Dunnigan, 507 U.S. 87, 95, 113 S. Ct. 1111, 122 L. Ed. 2d 445 (1993)).

Abdul-Aziz, 486 F.3d at 478-79.

In Abdul-Aziz, the district court simply referred to the jury's verdict and observed the jury must have found defendant's testimony to be false. That finding, standing alone, was insufficient to impose an obstruction of justice enhancement for perjury pursuant to § 3C1.1. This Court vacated the sentence and remanded for resentencing with instructions to the sentencing court to make independent findings in support of the obstruction of justice enhancement. Id. In this case, the court relied on the fact that the jury rejected Bruguier's testimony because that was required at least in part to convict him. SH 12-13.

In determining whether to impose an obstruction of justice enhancement the case of United States v. Raplinger is instructive:

The district court imposed a sentencing enhancement under § 3C1.1 for obstruction of justice after concluding that Raplinger perjured himself at trial. Raplinger argues that he only contested the issue of whether he possessed the requisite mental state for conviction on Count 1, something he had a right to do without subjecting himself to the enhancement. The district court, however, did not impose the enhancement based on Raplinger's denials concerning his motives for engaging in the sexually explicit conduct with S.S. Rather, the court imposed the enhancement based on Raplinger's testimony at trial concerning "how the child pornography images came to be taken, when the . . . camera was secured, and how Joel Rich became

19

involved." This testimony was in direct conflict with Raplinger's confession and the district court found it unbelievable. The district court made the requisite findings, based on its own evaluation, that Raplinger gave false testimony under oath about a material matter with the intent to avoid conviction. See United States v. Dunnigan, 507 U.S. 87, 95, 113 S. Ct. 1111, 122 L. Ed. 2d 445 (1993) ("The district court's determination that enhancement is required is sufficient, [if] . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.").

Although Raplinger was entitled to present his defense, he was not free to perjure himself in doing so. Id. at 96. . . . The district court did not err in imposing the enhancement for obstruction of justice. United States v. Calderon-Avila, 322 F.3d 505, 507 (8th Cir. 2003) (upholding obstruction enhancement where defendant "did not merely attempt to mount a defense [but rather] suborned perjury to obstruct the government in its prosecution efforts").

United States v. Raplinger, 555 F.3d 687, 694 (8th Cir. 2009).

However, a fair reading of Raplinger indicates that where a defendant merely attempts to mount a defense, or when a defendant contests the issue of whether he possessed the required mental state for conviction, he may do so without suborning perjury to obstruct the government's prosecution. Here, unlike the facts presented in Raplinger, Bruguier's testimony did not contradict prior statements or testimony made by himself. Bruguier consistently protested his innocence. This instant case can be distinguished from that of Raplinger because in that case the court compared Raplinger's previous confession to his own testimony at his trial and found them to be in direct conflict. In this case, the court found Bruguier's statements to be in direct controversy to the testimony of other

witnesses and not a previous statement of his own. (SH 12). As noted in
Cunningham, "We give great deference to a district court's decision to impose an
obstruction of justice enhancement, reversing only when the district court's
findings are insufficient." 593 F.3d at 730. Bruguier's record reflects an
insufficient finding by the district court and therefore must be reversed.

The fact that a jury chose to convict rather than acquit is not, without more,
conclusive evidence that perjury tantamount to obstruction of justice has occurred.
If that were the case, when a defendant was acquitted on one or more counts of a
multiple-count indictment, government agents could potentially face perjury
charges, because the jury could not have believed the agents' testimony while at
the same time having acquitted the defendant.

The United States Sentencing Commission clearly foresaw the potential for
overreach in the application of the § 3C1.1 obstruction of justice enhancement,
because it prefaced Comment 2 by saying, "[t]his provision is not intended to
punish a defendant for the exercise of a constitutional right."

In the present case, Bruguier exercised his constitutionally-protected rights
to confront witnesses, to testify and call witnesses on his own behalf, and to
present a defense. See Montgomery, 635 F.3d at 1098.

A district court cannot impose the obstruction of justice enhancement
"simply because a defendant testifies on his own behalf and the jury disbelieves

him." <u>United States v. Washington</u>, 318 F.3d 845, 861 (8th Cir. 2003). Yet that is what happened four times over in this case.

## CONCLUSION

Appellant was deprived of his constitutionally protected right to present a defense due to the district court's ruling to exclude the audio-recorded statements of St. Pierre, pursuant to Federal Rule 807 and as such, Appellant respectfully requests that this matter be remanded to the district court for a new trial.

Appellant was also prejudiced by the court applying the obstruction of justice enhancement multiple times in this case, thereby unjustly increasing his sentence and in effect punishing Bruguier for the exercise of a constitutional right, and would respectfully request that if not granted a new trial, that this matter be remanded for resentencing.

Dated this 16th day of May, 2019.

*/s/Melissa Fiksdal*
Melissa Fiksdal
400 N. Main Avenue, Suite 207
Sioux Falls, SD 57104
(605) 275-4529
melissa@jefflarsonlaw.net
Attorney for Appellant Quentin Peter Bruguier, Jr.

22

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

In addition, I certify the electronic version of the foregoing has been scanned for viruses using **Webroot Secure Anywhere**, and that the scan showed the electronic version of the foregoing is virus-free.

*/s/Melissa Fiksdal*
Melissa Fiksdal
400 N. Main Avenue, Suite 207
Sioux Falls, SD 57104
(605) 275-4529
melissa@jefflarsonlaw.net
Attorney for Appellant Quentin Peter Bruguier, Jr.

Appellate Case: 19-1375    Page: 31    Date Filed: 05/20/2019 Entry ID: 4789059

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that Microsoft Word 2016 was used in the preparation of the foregoing Appellant's Brief and that the word count done pursuant to the word processing system shows that there are 5,251 words in the foregoing Appellant's Brief.

Dated this 16th day of May, 2019.

*/s/Melissa Fiksdal*
Melissa Fiksdal
400 N. Main Avenue, Suite 207
Sioux Falls, SD  57104
(605) 275-4529
melissa@jefflarsonlaw.net
Attorney for Appellant Quentin Peter Bruguier, Jr.

Appellate Case: 19-1375     Page: 32     Date Filed: 05/20/2019 Entry ID: 4789059

**ADDENDUM** 1.   Judgment and Commitment (DCD 160)

Add. 1

Appellate Case: 19-1375    Page: 33    Date Filed: 05/20/2019 Entry ID: 4789059