No. 19-1375
Criminal

**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff – Appellee,**

vs.

**QUENTIN PETER BRUGUIER, JR.,
a/k/a "JB,"**

**Defendant – Appellant.**
_____

**Appeal from the United States District Court
for the District of South Dakota
Southern Division**
_____

**The Honorable Karen E. Schreier
United States District Court Judge**
_____

**APPELLEE'S BRIEF**
_____

**RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY**
**Jeremy R. Jehangiri**
**Assistant United States Attorney**
**P.O. Box 2638**
**Sioux Falls, SD 57101-2638**
**(605) 330-4400**
**Attorneys for Appellee.**

## SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT

Quentin Peter Bruguier, Jr., a/k/a "JB," sexually abused six children from the late-1980s until January 2017, on the Yankton Sioux Reservation, and he did so by using fear and force. He was charged in fifteen counts under the relevant federal statutes for his crimes committed against four victims. A jury convicted on all counts, and he was sentenced to twelve concurrent terms of life imprisonment and to three concurrent terms of ten years' imprisonment.

Bruguier appeals the convictions and sentence, claiming (1) that the district court abused its discretion when it denied Bruguier's request to admit hearsay statements under Federal Rule of Evidence 807, and (2) that the district court committed procedural error when it imposed a two-level enhancement for obstruction of justice, pursuant to United States Sentencing Guideline § 3C1.1.

The Government opposes Bruguier's arguments. The district court properly considered the appropriate factors when it excluded hearsay evidence. Likewise, the district court's application of the obstruction-of-justice enhancement was supported by the evidence and justified in light of Bruguier's materially false trial testimony. This Court should affirm in all respects.

The Government submits that the facts and arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument. Therefore, the Government does not request oral argument.

Appellate Case: 19-1375    Page: 2    Date Filed: 07/02/2019 Entry ID: 4803937

# **TABLE OF CONTENTS**

SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT .............. ii

TABLE OF AUTHORITIES ................................................................v

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................2

I.   WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION
     BY EXCLUDING HEARSAY STATEMENTS OFFERED UNDER
     FEDERAL RULE OF EVIDENCE 807.................................................2

II.  WHETHER THE DISTRICT COURT PROCEDURALLY ERRED IN
     IMPOSING A TWO-LEVEL ENHANCEMENT FOR OBSTRUCTION OF
     JUSTICE, AND, IN ANY EVENT, WHETHER ANY ERROR WOULD
     HAVE BEEN HARMLESS. ................................................................2

STATEMENT OF THE CASE ................................................................2

     A.   Procedural History.................................................................2

     B.   Trial Evidence. ......................................................................3

     C.   Verdict and Sentencing. ........................................................5

     D.   Hearsay Evidence Regarding Cindy St. Pierre. ..........................6

     E.   Enhancement for Obstruction of Justice. ...................................7

SUMMARY OF THE ARGUMENT ........................................................8

ARGUMENT ........................................................................................9

I.   THE DISTRICT COURT'S EVIDENTIARY RULINGS WERE WELL
     WITHIN ITS DISCRETION WHEN BRUGUIER WAS PRECLUDED
     FROM ADMITTING HEARSAY STATEMENTS UNDER FEDERAL
     RULE OF EVIDENCE 807...............................................................9

     A.   Standard of Review. ...............................................................9

Appellate Case: 19-1375    Page: 3    Date Filed: 07/02/2019 Entry ID: 4803937

B.     The District Court Did Not Abuse Its Discretion When It Considered the Factors under Rule 807 and Excluded the Hearsay Statements of Cindy St. Pierre. ...................................................................9

II.    THE DISTRICT COURT COMMITTED NO PROCEDURAL ERROR IN IMPOSING A TWO-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE PURSUANT TO U.S.S.G. § 3C1.1 AND, IN ANY EVENT, AN ERROR WOULD HAVE BEEN HARMLESS DUE TO BRUGUIER'S ACTUAL OFFENSE LEVEL. .....................................................................13

A.     Standard of Review. ...........................................................13

B.     The District Court, After Hearing the Testimony of the Victims and Receiving the Jury's Verdicts, Properly Concluded that Bruguier Gave Materially False, Perjured Testimony........................................14

C.     The District Court's Sentence Was Substantively Reasonable. ..........19

CONCLUSION .........................................................................................21

CERTIFICATE OF COMPLIANCE.......................................................22

CERTIFICATE OF SERVICE ................................................................23

iv

Appellate Case: 19-1375    Page: 4    Date Filed: 07/02/2019 Entry ID: 4803937

# TABLE OF AUTHORITIES

**CASES**:                                                                                    **Page**

*Gall v. United States,*
    552 U.S. 38 (2007)..................................................................14, 19, 20

*United States v. Bailey*,
    581 F.2d 341 (3d Cir. 1979) .........................................................10

*United States v. Bohr*,
    581 F.2d 1294 (8th Cir. 1978) ..................................................10, 12

*United States v. Burns*,
    577 F.3d 887 (8th Cir. 2009) ........................................................19

*United States v. Cunningham*,
    593 F.3d 726 (8th Cir. 2010) ........................................................14

*United States v. Dunnigan,*
    507 U.S. 87 (1993)...............................................................2, 15, 18

*United States v. Feemster*,
    572 F.3d 455 (8th Cir. 2009) ........................................................19

*United States v. Flores*,
    362 F.3d 1030 (8th Cir. 2004) ..............................................2, 15, 16

*United States v. Gomez-Diaz*,
    911 F.3d 931 (8th Cir. 2018) ............................................13, 15, 18

*United States v. Goodson*,
    155 F.3d 963 (8th Cir. 1998) ..........................................................9

*United States v. Halk*,
    634 F.3d 482 (8th Cir. 2011) ....................................................11, 12

*United States v. Holy Bull*,
    613 F.3d 871 (8th Cir. 2010).  ......................................................9

*United States v. Hughes,*
    535 F.3d 880 (8th Cir. 2008) ..............................................2, 9, 10

*United States v. Jewell,*
    614 F.3d 911 (8th Cir. 2010) ........................................................13

**CASES (continued)**:                                                    **Page**

*United States v. Kessler*,
    321 F.3d 699, 703 (8th Cir. 2003) ...................................................................18

*United States v. Kowal*,
    527 F.3d 741 (8th Cir. 2008) .........................................................................14

*United States v. Love,*
    592 F.2d 1022 (8th Cir. 1979) ..........................................................2, 10, 12

*United States v. McCraney*,
    612 F.3d 1057 (8th Cir. 2010) ......................................................2, 9, 10, 12

*United States v. Perkins*,
    526 F.3d 1107 (8th Cir. 2008) .......................................................................14

*United States v. Petreikis*,
    551 F.3d 822 (8th Cir. 2009) .........................................................................14

*United States v. Small*,
    599 F.3d 814 (8th Cir. 2010) .........................................................................13

*United States v. Van Lufkins*,
    676 F.2d 1189 (8th Cir. 1982) ........................................................2, 10, 11, 13

*United States v. Watson*,
    480 F.3d 1175 (8th Cir. 2007) .......................................................................14

*United States v. Whiting*,
    522 F.3d 845 (8th Cir. 2008) ...........................................................2, 15, 18

*United States v. Woodard*,
    675 F.3d 1147 (8th Cir. 2012) .......................................................................19

*United States v. Yah*,
    500 F.3d 698 (8th Cir. 2007) .........................................................................13

**STATUTES:**                                                              **Page**

18 U.S.C. § 1153 ............................................................................................1, 2

18 U.S.C. § 2241(c) ........................................................................................1, 2

18 U.S.C. § 2242(1) ........................................................................................1, 2

18 U.S.C. § 2244(a)(1) .......................................................................................2

Appellate Case: 19-1375    Page: 6    Date Filed: 07/02/2019 Entry ID: 4803937

**STATUTES (continued):**                                   **Page**

18 U.S.C. § 2245 ...................................................................2

18 U.S.C. § 2245(2) .............................................................1

18 U.S.C. § 2245(3) .............................................................1

18 U.S.C. § 2246 ...................................................................2

18 U.S.C. § 2246(2) .........................................................1, 2

18 U.S.C. § 3231 ...................................................................1

18 U.S.C. § 3242 ...................................................................1

18 U.S.C. § 3553(a) .......................................................14, 19

18 U.S.C. § 3742 ...................................................................1

28 U.S.C. § 1291 ...................................................................1

## OTHER:

Fed. R. Evid. 413 ..................................................................3

Fed. R. Evid. 803 .........................................................9, 11, 12

Fed. R. Evid. 804 .........................................................9, 11, 12

Fed. R. Evid. 807 .................................2. 6, 8, 9, 10, 11, 12

Fed. R. Evid. 807(a)(3) ......................................................12

U.S.S.G. § 3C1.1 ...............................................8, 13, 14, 15

U.S.S.G. § 5A .......................................................................5

Appellate Case: 19-1375     Page: 7     Date Filed: 07/02/2019 Entry ID: 4803937

## JURISDICTIONAL STATEMENT

Quentin Peter Bruguier, Jr., a/k/a "JB," appeals a final district court judgment following his trial convictions of four counts of Sexual Abuse, in violation of 18 U.S.C. §§ 1153, 2242(1), and 2246(2), eight counts of Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 1153, 2241(c), 2245(2), and 2246(2), and three counts of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2245(3). The district court had federal subject matter jurisdiction pursuant to 18 U.S.C. §§ 1153, 3231, and 3242. The district court entered its Judgment and Commitment on February 15, 2019. DCD 160.[1] Bruguier filed a timely notice of appeal on February 21, 2019. DCD 162. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1] References to the record will be as follows: The district court record will be called "DCD," followed by the appropriate docket number and relevant page number, where appropriate. References to Appellant Bruguier's brief will be to "AB," followed by the appropriate page number. Bruguier's pre-trial hearing will be called "PTC," followed by the appropriate page number. Bruguier's jury trial will be called "JT," followed by the appropriate page number, exhibit number, or both. Bruguier's Presentence Investigation Report will be cited as "PSR," followed by the appropriate paragraph nuber, and references to his sentencing hearing will be to "SH."

1

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.     WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY EXCLUDING HEARSAY STATEMENTS OFFERED UNDER FEDERAL RULE OF EVIDENCE 807.

*United States v. McCraney*, 612 F.3d 1057 (8th Cir. 2010)
*United States v. Hughes*, 535 F.3d 880 (8th Cir. 2008)
*United States v. Love*, 592 F.2d 1022 (8th Cir. 1979)
*United States v. Van Lufkins*, 676 F.2d 1189 (8th Cir. 1982)

II.    WHETHER THE DISTRICT COURT PROCEDURALLY ERRED IN IMPOSING A TWO-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE, AND, IN ANY EVENT, WHETHER ANY ERROR WOULD HAVE BEEN HARMLESS.

*United States v. Dunnigan*, 507 U.S. 87 (1993)
*United States v. Flores*, 362 F.3d 1030 (8th Cir. 2004)
*United States v. Whiting*, 522 F.3d 845 (8th Cir. 2008)

## STATEMENT OF THE CASE

### A.   Procedural History.

On October 11, 2017, a federal grand jury returned a fourteen-count indictment involving three victims and charging Bruguier with Sexual Abuse, Aggravated Sexual Abuse of a Child under Twelve Years, and Abusive Sexual Contact, all of which respectively violated 18 U.S.C. §§ 1153, 2242(1), 2241(c), 2244(a)(1), 2245, and 2246.  DCD 1, 2.  An eighteen-count superseding indictment was filed on August 7, 2018, charging Bruguier with four additional counts of Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2), involving a fourth victim.  DCD 42, 43.  On November 6, 2018, the

2

grand jury returned a second superseding, fifteen-count indictment charging the same offenses regarding the previously-named victims. DCD 114. The trial proceeded on this charging document.

Prior to trial, Bruguier filed a notice pursuant to Federal Rule of Evidence 807, requesting that the district court permit the admission of hearsay evidence during the trial. DCD 107. On November 9, 2018, the district court held a pretrial conference to address this matter, among others, and it denied Bruguier's request to admit the hearsay evidence. PTC at 36-48; DCD 127.

The jury trial commenced on November 13, 2018. DCD 128. Over several days, the jury heard the testimony of Bruguier's victims. PSR ¶¶ 13-30, 87, 89-91, 96. Four victims testified about the facts supporting each count of the charging document, and two victims testified about being sexually abused by Bruguier under Federal Rule of Evidence 413. *Id.*

## B. Trial Evidence.

M.F.H. and L.D. lived together as foster sisters. PSR ¶¶ 13, 23. Cindy St. Pierre served as their foster mother. M.F.H., L.D., St. Pierre, Bruguier, and others lived together in a house on tribal land beginning in approximately 2012. *Id.* During this time until St. Pierre's death in 2018, she and Bruguier were in a romantic relationship. PSR ¶ 13, 15 n.1, 23.

3

M.F.H. testified that the sexual abuse began when she was 11 years old until she was 15. PSR ¶ 14. Bruguier sexually assaulted her in various ways: penetrating her vagina with his fingers and penis; forcing her to give him oral sex; making her use her hand on his penis. PSR ¶¶ 14-20. Bruguier used force and fear to perpetrate the abuse and to prevent M.F.H. from disclosing his crimes. PSR ¶¶ 14, 18, 22. The sexual abuse caused M.F.H. to experience pain. PSR ¶¶ 14, 18.

Likewise, Bruguier's sexual abuse of L.D. began when she was 11 years of age and lasted until she was 15, and his acts involved fear and force. PSR ¶¶ 14, 25-26. He would force his fingers into L.D.'s vaginal and anal openings, causing her significant pain, and he would make her use her hand on his penis. PSR ¶¶ 24-26.

J.Z. and R.Z., who are sisters, also testified about being sexually abused by Bruguier. PSR ¶¶ 27-30. The sisters' mother was in an on-again-off-again relationship with Bruguier in the late-1980s until the mid-1990s. PSR ¶¶ 27, 29-30. At about the time of the relationship's inception, Bruguier began sexually abusing J.Z. and R.Z. PSR ¶¶ 27-30. J.Z. testified that she was forced to touch Bruguier's penis until he ejaculated, and he also touched J.Z.'s vagina. PSR ¶ 30. The sexual abuse lasted until 1994, when she was 11 years of age. *Id.*

Bruguier began sexually abusing R.Z. in 1990. PSR ¶¶ 27-28. R.Z. was 5 years old when the abuse started. PSR ¶ 27. On a regular basis, Bruguier forcefully perpetrated sex acts against R.Z., inserting his fingers and penis inside her vaginal

4

and anal openings.  PSR ¶¶ 27-28.  The sexual abuse ended at age 9, when R.Z. left the area.  PSR ¶ 28.

### C.    Verdict and Sentencing.

On November 16, 2018, the jury returned guilty verdicts on all counts against Bruguier.  DCD 142, 145.  Bruguier was sentenced on February 11, 2019.  DCD 158.  The Presentence Investigation Report ("PSR") assigned a group for each victim.  PSR ¶ 80.  Each group had an applicable base offense level and specific offense characteristics for force and age, where appropriate.  In addition, each group contained a two-level enhancement for care, custody, or control, and a two-level enhancement for obstruction of justice.  *See* PSR ¶¶ 51, 61, 70, and 78 (adjustments relating to obstruction for each group).  With all of the enhancements, the PSR determined that Bruguier's combined and adjusted offense level was 54, and his criminal history category was IV, resulting in an advisory Guidelines range of life imprisonment.  DCD 159 (Final PSR Amended per Order of the Court).  Per the Guidelines, the total offense level was treated as 43.  PSR ¶ 86; U.S. Sentencing Guidelines § 5A cmt. n. 2 (2018).

The district court sentenced Bruguier to twelve concurrent terms of life imprisonment, to three concurrent terms of 10 years' imprisonment, and to 10 years' supervised release.  DCD 158, 160.  Bruguier was also ordered to pay a special assessment of $100 for each count of conviction.  DCD 160.  Following the district

5

court's entry of judgment, Bruguier filed his notice of appeal on February 21, 2019. DCD 162.

### D. Hearsay Evidence Regarding Cindy St. Pierre.

As a part of the investigation into the sexual abuse charges, two special agents with the Federal Bureau of Investigation interviewed Bruguier's live-in girlfriend, Cindy St. Pierre. PTC at 36. St. Pierre was the aunt and caretaker of M.F.H. and L.D., two of the girls Bruguier sexually abused over a period of years. The interview took place on October 4, 2017, and it was audio recorded. PTC at 41. St. Pierre passed away prior to trial. PTC at 36.

On November 6, 2018, Bruguier filed notice to seek admission of St. Pierre's pretrial, unsworn statements under the residual hearsay exception set forth in Rule 807. DCD 107. During the pretrial conference, Bruguier argued that St. Pierre's statements should be admitted at trial because the statements were recorded, thereby providing a "guarantee of trustworthiness" as required by the rule. PTC at 38. He also argued that the trustworthiness and reliability of the hearsay were bolstered because two government officials took St. Pierre's statement. *Id.* Had she been alive at trial, Bruguier posited that St. Pierre would have testified about material facts – that is, she would have provided insight about the living situation in the home and about the relationships between M.F.H., L.D., St. Pierre, and Bruguier. *Id.* at 38-39.

Appellate Case: 19-1375   Page: 13   Date Filed: 07/02/2019 Entry ID: 4803937

The claim was that this hearsay evidence, therefore, was an "integral part" of Bruguier's defense. *Id.* at 40.

The district court concluded that St. Pierre's hearsay statements were not made in close temporal proximity to the most recent allegations in the charging document, that her statements "would mainly corroborate the defendant's testimony[,]" and that there were not circumstantial guarantees of trustworthiness attendant to the evidence. *Id.* at 47-48. As such, the district court precluded the admission of St. Pierre's statements. *Id.* at 48.

### E.    Enhancement for Obstruction of Justice.

Prior to sentencing, Bruguier objected to the inclusion of a two-level enhancement for obstruction of justice as to each group in the PSR. DCD 152. At Bruguier's sentencing hearing, he argued that he should not be punished for exercising his Constitutional right to trial. SH at 8-9. The district court overruled his objection to the applicability of the enhancement, finding that he committed the equivalent of perjury during his testimony at trial. SH at 10-13.

Additional facts will be added as necessary.

7

# SUMMARY OF THE ARGUMENT

The district court made evidentiary rulings under Federal Rule of Evidence 807 that were well within its discretion. It made a detailed record of its evidentiary decision with respect to the evidence excluded under the rule. In so doing, the court addressed the applicable factors and properly precluded the evidence from being admitted into evidence. Furthermore, Bruguier has not shown how the verdict was substantially swayed by the exclusion of the hearsay evidence. The evidence of his guilt here was overwhelming and the biased account of his girlfriend would have been unlikely to have mattered to the verdict.

At sentencing, the district court correctly applied the enhancement for obstruction of justice. After hearing all of the evidence at trial, including Bruguier's testimony, the district court concluded that he gave materially false testimony to the jury, which rejected his denial to each charge when it returned guilty verdicts on all counts contained in the charging document. The court was well positioned to determine that Bruguier's testimony amounted to perjury, as proscribed in U.S.S.G. § 3C1.1, and that the enhancement applied. In any event, Bruguier's calculated offense level was so high that the obstruction enhancement would not have changed his Guidelines range. If there had been error, it would have been harmless. This Court should affirm the district court in all respects.

8

**ARGUMENT**

**I.     THE DISTRICT COURT'S EVIDENTIARY RULINGS WERE WELL WITHIN ITS DISCRETION WHEN BRUGUIER WAS PRECLUDED FROM ADMITTING HEARSAY STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 807.**

**A.     Standard of Review.**

A district court's evidentiary ruling is reviewed for abuse of discretion. *United States v. McCraney*, 612 F.3d 1057, 1061-62 (8th Cir. 2010) (addressing a district court's preclusion of hearsay evidence under Rule 807); *United States v. Hughes*, 535 F.3d 880, 882-83 (8th Cir. 2008) (same); *United States v. Holy Bull*, 613 F.3d 871, 873 (8th Cir. 2010).  Reversal is warranted only if the district court's evidentiary rulings "constitute a clear and prejudicial abuse of discretion."  *Holy Bull*, 613 F.3d at 873 (*citing United States v. Goodson*, 155 F.3d 963, 969 (8th Cir. 1998)).

**B.     The District Court Did Not Abuse Its Discretion When It Considered the Factors under Rule 807 and Excluded the Hearsay Statements of Cindy St. Pierre.**

Federal Rule of Evidence Rule 807 provides in pertinent part as follows:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1)  the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2)  it is offered as evidence of a material fact;

9

> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

*Id.* (2011). *See McCraney*, 612 F.3d at 1062 (outlining the factors to determine admissibility of hearsay under Rule 807). The residual exception to the rule against hearsay was created for exceptional circumstances, and it was intended by Congress to be narrowly applied and rarely used. *Hughes*, 535 F.3d at 882; *United States v. Love*, 592 F.2d 1022 (8th Cir. 1979); *see generally United States v. Bailey,* 581 F.2d 341 (3d Cir. 1979) (interpreting Congress' original intent when creating the residual exception in the Federal Rules of Evidence).

This Court has held that if "there is a lack of surrounding circumstances which are indicative of a strong propensity for truthfulness which are present in the traditional hearsay exceptions," the evidence should not be admitted. *Love*, 592 F.2d at 1027. "The primary justification for the exclusion of hearsay is the lack of any opportunity for the adversary to cross-examine the absent declarant whose out-of-court statement is introduced into evidence." *United States v. Bohr*, 581 F.2d 1294, 1304 (8th Cir. 1978). District courts have broad discretion in determining the trustworthiness of a statement for purposes of the residual exception to the hearsay rule. *United States v. Van Lufkins*, 676 F.2d 1189, 1191-92 (8th Cir. 1982) (holding that the district court did not err by admitting statements through the residual

10

exception when those statements were made shortly after the incident and the statements were corroborated by other evidence). Trustworthiness is analyzed under a broad totality of the circumstances test. *United States v. Halk*, 634 F.3d 482, 487-89 (8th Cir. 2011) (holding that when statements do not carry guarantees of trustworthiness equivalent to or superior to that which underlies other recognized exceptions, evidence should not be admitted).

The evidence at issue here does not have the circumstantial guarantees of trustworthiness, similar to Rules 803 and 804, as required by Rule 807. St. Pierre's statements to the FBI were given neither under oath nor under penalty of perjury. PTC 47. Unlike the evidence in *Van Lufkins*, where the statements were admitted partially because they were given close in time to the incident, the interview of St. Pierre was not close in time to the sexual abuse of the victims, and the district court noted that gap in time. PTC at 47. The interview of St. Pierre took place on October 4, 2017, yet the latest sexual abuse incident of M.F.H. was in early January 2017, and the last sexual abuse of L.D. was on December 23, 2016. PSR ¶¶ 8-11. The timing between the sexual abuse and the interview is especially important because St. Pierre was romantically involved with Bruguier and living with him during the nine months in 2017 prior to the FBI interview.

Bruguier contends that he was prevented from procuring witnesses and thereby deprived the opportunity to present a defense. AB at 5. However, three

11

individuals – M.F.H., L.D., and Bruguier – testified about the information that St. Pierre purportedly would have offered, and those individuals were sworn and subject to cross-examination. Furthermore, Bruguier's claim lacks credibility, in that he failed to satisfy the rule by demonstrating reasonable efforts to procure that evidence. Fed. R. Evid. 807(a)(3); *McCraney*, 612 F.3d at 1062 (setting forth factors for admissibility, including the rule's third element). After all, others lived in the home as well, yet Bruguier did not call them as witnesses. *See* JT at 43, 111, 506 (concerning others living in the same residence during the relevant time).

In this case, there is no dispute that Cindy St. Pierre's statement was hearsay, that she was unavailable to testify, that the statement was not subject to cross-examination, and that St. Pierre's statement was not given while under oath or penalty of perjury. *See* AB at 6. Noting the rarity of the Rule 807's use, the district court concluded that St. Pierre's statements were made out-of-court, unsworn, and did not carry "equivalent circumstantial guarantees of trustworthiness" similar to Rules 803 or 804. *See Halk*, 634 F.3d at 487; *Love*, 592 F.2d at 1027; PTC at 47. As the court noted, her statement was never previously subject to cross-examination at another hearing, and her unavailability at Bruguier's trial likewise precluded the opportunity to confront her. *See Bohr*, 581 F.2d at 1304; PTC at 46. St. Pierre's statement was "not close in time to the alleged incidents," and it would "mainly corroborate" Bruguier's testimony, despite the existence of other evidence and the

12

availability of other witnesses to address the matter.  *See Van Lufkins*, 676 F.2d at 1191; PTC at 47.  Under these circumstances, the district court acted well within its discretion when it precluded the admission of St. Pierre's hearsay statement.

Moreover, even if the district court had erred by denying Bruguier's request to admit St. Pierre's hearsay statement, it would have been harmless.  This Court "will not overturn a conviction based upon the cumulative effect of trial errors unless there is substantial prejudice."  *United States v. Jewell*, 614 F.3d 911, 929 (8th Cir. 2010).  Here, despite its self-serving content, the evidence was cumulative to the testimony offered by other witnesses.  Bruguier also effectively cross-examined two of the victims concerning the topics set forth in his 807 request.  The convictions should be affirmed.

## II.  THE DISTRICT COURT COMMITTED NO PROCEDURAL ERROR IN IMPOSING A TWO-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE PURSUANT TO U.S.S.G. § 3C1.1 AND, IN ANY EVENT, AN ERROR WOULD HAVE BEEN HARMLESS DUE TO BRUGUIER'S ACTUAL OFFENSE LEVEL.

### A.  Standard of Review.

"This court reviews a district court's guidelines calculations de novo, and reviews factual determinations for clear error."  *United States v. Small*, 599 F.3d 814, 815 (8th Cir. 2010) (*citing United States v. Yah*, 500 F.3d 698, 702 (8th Cir. 2007)); *see United States v. Gomez-Diaz*, 911 F.3d 931, 936 (8th Cir. 2018).  "We give great deference to a district court's decision to impose an obstruction of justice

13

enhancement, reversing only when the district court's findings are insufficient." *United States v. Cunningham*, 593 F.3d 726, 730 (8th Cir. 2010).

This Court reviews the substantive reasonableness of all sentences employing a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence imposed under 18 U.S.C. § 3553(a) is reviewed for reasonableness regardless of whether the sentence was inside or outside of the advisory Guidelines range. *Gall*, 552 U.S. at 41; *see United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008) (*quoting United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007)). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (*quoting United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008)) (additional citations omitted).

### B. The District Court, After Hearing the Testimony of the Victims and Receiving the Jury's Verdicts, Properly Concluded that Bruguier Gave Materially False, Perjured Testimony.

United States Sentencing Guideline § 3C1.1 provides for a two-level enhancement for obstructing or impeding the administration of justice. *Id.* (2018).

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a close related offense, increase the offense level by 2 levels.

14

*Id.* A district court may apply an obstruction of justice sentence enhancement when the court finds by a preponderance of the evidence that the defendant engaged in obstructive conduct. *United States v. Gomez-Diaz*, 911 F.3d 931, 936 (8th Cir. 2018).

Perjury and providing materially false information qualify as obstructive conduct. U.S.S.G. § 3.C1.1 cmt. n. 4(B) and (F) (2018). While the enhancement "is not intended to punish a defendant" who exercised his right to trial, "a denial of guilt under oath that constitutes perjury" constitutes conduct falling within the purview of this provision. *Id.* cmt. n. 2. When considering whether a defendant's false testimony merits an enhancement, the sentencing court should conduct an independent evaluation to determine whether the defendant committed perjury. *United States v. Flores*, 362 F.3d 1030, 1037 (8th Cir. 2004). The court's determination is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Id.* (*quoting United States v. Dunnigan*, 507 U.S. 87, 95 (1993)). A defendant commits perjury by testifying falsely under oath in regard to a material matter, as long as the testimony is willful and not made out of confusion, mistake, or faulty memory. *Dunnigan*, 507 U.S. at 95; U.S.S.G. § 3C1.1 cmt. n. 2 (2018). *See United States v. Whiting*, 522 F.3d 845, 850 (8th Cir. 2008) (holding that the district court exceeded the *Dunnigan* standard during sentencing by pointing to

15

specific parts of the testimony of the defendant and his witnesses in which the court found they had been lying to the jury intentionally).

The district court's finding that Bruguier committed perjury was supported by the record. *See Flores*, 362 F.3d at 1037 (affirming the district court for its finding of obstruction in which the record encompassed all the factual predicates of perjury). Here, the district court made both an overall finding of perjury and discussed specific instances during the defendant's testimony where perjury was committed. ST at 11-13. The district court specifically noted that Bruguier testified under oath to material facts relating to whether he engaged in sexual contact with a child and that "[i]n each instance when he was questioned, he denied that he engaged in such acts." ST at 11-12. The court then pointed out several materially false statements that Bruguier made on the stand, refuting each with the contrary testimony of other witnesses. ST at 12. Finally, the court concluded that the jury had to reject at least part of Bruguier's testimony to convict him of all counts and that "his testimony was willfully and falsely made under oath" relating to material matters associated with each charge. ST at 12.

Moreover, there was ample evidence in the record to support the district court's conclusions, particularly regarding the enhancement for each of the four victims. Specifically, as to child victims R.Z. and J.Z., the following questions were posed to Bruguier: "[H]ave you ever acted in an inappropriate manner with either

16

of those girls?  Did you ever anally rape [R.Z.]?  Did you ever touch any of them in a sexual manner?  Did you ever force the girls to line up outside your bedroom door?  Did you ever get into a bathtub with any of them?"  JT at 506.  Bruguier answered each question, "No."  *Id.*

With regard to M.F.H., Bruguier was asked the following:  "Have you ever touched [M.F.H.] in appropriately?  Have you ever engaged in any type of sexual behavior with her?"  JT at 518.  Bruguier responded to each inquiry:  "No."  *Id.*

"[L.D.], have you ever touched her inappropriately?  Have you ever engaged or attempted to engage in any type of sexual behavior?  Have you ever touched her in a forceful way in any sort ever [sic] of way?"  JT at 518-19.  To each question, Bruguier provided a negative response.  JT at 519.

As the record demonstrates, the district court properly imposed the obstruction-of-justice enhancement to each victim group during sentencing.  To begin, the district court acknowledged that the defendant should not be punished for the exercise of his constitutional right to trial and that the sentence should only be enhanced if the defendant willfully attempted to obstruct justice.  ST at 11.  The district court then conducted an independent evaluation of the statements during trial by the defendant and found that he committed perjury when he took the stand.  ST at 10-13.  The court noted that the testimony of Bruguier was directly contradicted by other witnesses during the trial, finding that he willfully and falsely testified under

17

oath. ST at 12. The court properly analyzed the elements of perjury and applied them to the sworn statements Bruguier made. ST at 12-13. The court specifically stated: "[The testimony of the defendant was under oath on a material matter. It wasn't an instance where he was confused, mistaken, or had faulty memory. I believe he just testified falsely." ST at 12-13. *See Gomez-Diaz*, 911 F.3d at 936 (ruling that conclusory findings of perjury are sufficient when those findings were adequately supported by the district court record); *United States v. Kessler*, 321 F.3d 699, 703 (8th Cir. 2003) (affirming the sentencing court even without an independent evaluation because the court made a specific finding of perjury, the record supported the decision, and imposition of the sentence enhancement was not clear error).

In addition to his procedural error claim, Bruguier contends that the enhancement for obstruction of justice imposed an undue punishment for his exercise of a constitutional right. AB at 18-22. Bruguier's right to trial and to testify, however, does not include the right to commit perjury. Such a claim was rejected by the Supreme Court in *Dunnigan*, 507 U.S. at 96, and the district court did not impose the enhancement simply because the defendant exercised his right to trial and the jury disbelieved him. Rather, the district court exceeded the *Dunnigan* standard by discussing Bruguier's specific instances of materially false testimony and then by linking his testimony to that of others. *Id.* at 95; *Whiting*, 522 F.3d at 850. Because of the court's independent evaluation of the facts and testimony, of its

18

specifically identified instances of untruthfulness, and of its connection to those instances of untruthfulness to the elements of perjury, the district court's imposition of the two-level enhancement for obstruction of justice should be affirmed.

### C. The District Court's Sentence Was Substantively Reasonable.

"It will be the unusual case where [this Court] reverse[s] a district court sentence . . . as substantively unreasonable." *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012) (*quoting United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. *See United States v. Burns*, 577 F.3d 887, 894-95 (8th Cir. 2009) (*en banc*) (following *Gall*, 552 U.S. at 51-52).

The district court did not abuse its discretion and properly considered the sentencing factors when imposing a Guidelines range sentence. The district court addressed factors set forth in the sentencing statute, 18 U.S.C. § 3553(a), before imposing its Guidelines-range sentence. ST at 39-40; PSR ¶¶ 26-32. Defense counsel requested a 30-year sentence, which would have been a downward variance from the advisory Guidelines range. ST at 23. In rejecting that request, the court found that a sentence of 30 years would not be long enough to sufficiently comply with the purposes of the § 3553 factors, implicitly considering "the nature and circumstances of the offense," "the history and characteristics of the defendant," the

19

needs for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." ST at 39-41. The district court stated that Bruguier would be a danger to the public if released in 30 years and that keeping him in prison for life would adequately protect others from him. ST at 39-40.

The district court sentenced the defendant within the Guidelines range, after calculating the base offense level to be 54, and adjusting the offense level down to 43 as required in the Guidelines. DCD 159 (Final PSR Amended per Order of the Court); PSR ¶¶ 84, 158; *see* PSR ¶ 86 (setting forth that where the total offense level exceeds 43, the offense level defaults to 43). Thus, even if the district court committed a procedural error, and the level should have been less than 54, the error was harmless with regard to Bruguier. To have altered his Guidelines range of life, Bruguier must show that the district court erred by a margin greater than ten offense levels.

Viewing the record as a whole, the district court neither erred nor abused its discretion when it imposed a sentence within the applicable range. The district court made just the kind of individualized sentencing assessment based on the facts that is characteristic of post-*Gall* substantive reasonableness review. This is not the rare case for which reversal of a substantively unreasonable sentence is warranted. As such, this Court should affirm in all respects.

20

## CONCLUSION

Based upon the foregoing, the Government respectfully requests that this Court affirm Bruguier's convictions and sentence.

Dated this 27th day of June, 2019.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

*/s/ Jeremy Jehangiri*

_____

JEREMY R. JEHANGIRI
Assistant United States Attorney
Attorney for Appellee
325 South 1st Avenue, Suite 300
Sioux Falls, SD 57104
(605) 330-4400

21

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Eighth Circuit Rule 10.6.3, I certify that this brief was prepared using Microsoft Word.

I further certify that I have provided the foregoing brief to the Court via electronic filing of a PDF version of the brief. The PDF file has been scanned for viruses using virus-scanning software approved by the United States Attorney's Office and is virus free.

I further certify that pursuant to Fed. R. App. P. 32(a)(7)(C), the attached answering brief is proportionately spaced, has a typeface of 14 points or more, and contains 4,819 words.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

*/s/ Jeremy Jehangiri*

_____
JEREMY R. JEHANGIRI
Attorney for Appellee
United States of America
325 South 1st Avenue, Suite 300
Sioux Falls, SD  57104
(605) 357-2353

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

*/s/ Jeremy Jehangiri*

_____

JEREMY R. JEHANGIRI
Attorney for Appellee
United States of America
325 South 1st Avenue, Suite 300
Sioux Falls, SD  57104
(605) 357-2353

23